IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:11-cr-191-MHT- 3 |
| | ) | |
| CHRISTOPHER DARRIN ALLOWAY | ) | |

**RESPONSE TO COURT ORDER (DOC. 562) ON WHETHER THE DEFENDANT'S POST-SENTENCE CONDUCT SHOULD PRECLUDE HIM FROM RECEIVING A SENTENCE REDUCTION, OR LIMIT THE REDUCTION HE RECEIVES**

**COMES NOW** the United States of America, by and through George L. Beck, Jr., United States Attorney for the Middle District of Alabama, and in response to the Court's Order (Doc. 562) asserts as follows:

This Court has ordered the United States to file a response to the defendant's position as to whether his post-sentencing conduct should preclude him from receiving a sentence reduction, or limit the reduction he receives, pursuant to U.S.S.G. § 1B1.10 comment note 1(B)(iii). While the defendant is eligible for relief, the United States opposes the reduction as compelling reasons exist.

Section 3582(c)(2) "establishes a two-step inquiry. A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Under application note 1(A) to Section 1B1.10: "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and

criminal history category determined pursuant to §1B1.1(a), which is determined before consideration if any departure provision in the Guidelines Manual or any variance)."

The defendant is correct that Amendment 782 reduced the guideline range applicable in his case; and, therefore, the Court may consider whether to reduce his sentence. Specifically, the base offense level in this case is now 30, pursuant to Section 2D1.1 as amended by Amendment 782, made retroactive by Section 1B1.10(d). When combined with the other guideline applications made earlier, as required by Section 1B1.10(b)(1), the final offense level is 24. At the established criminal history category of I, this would result in a sentencing range of 51 to 63 months. This is a reduction from the previously applied range of 63 to 78 months.

The extent of the permissible reduction is strictly limited. Congress delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced. *See* 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u); *Dillon v. United States*, 560 U.S. 817, 826 (2010) ("The SRA charges the Commission both with deciding whether to amend the Guidelines, § 994(o), and with determining whether and to what extent an amendment will be retroactive, § 994(u). A court's power under § 3582(c)(2) thus depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive. The court is also constrained by the Commission's statements dictating 'by what amount' the sentence of a prisoner serving a term of imprisonment affected by the amendment 'may be reduced.'"). "Subsection 1B1.10(b)(2)'s limitation on a district court's sentence-reduction authority is absolute." *United States v. Jackson,* 751 F.3d 707, 711 (6th Cir. 2014).

The Commission directed in Section 1B1.10(b) that, with one exception (where the defendant earlier received a below-guideline sentence based on substantial assistance)**,** "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this

policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." U.S.S.G. § 1B1.10(b)(2)(A). An application note adds: "Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement. Specifically, as provided in subsection (b)(2)(A), if the term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court may reduce the defendant's term of imprisonment to a term that is no less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)." U.S.S.G. § 1B1.10 app. note 3 (Nov. 1, 2011).[1] Thus, the Court may not reduce the sentence below the range provided by the amended guideline, and "in no case . . . shall the term of imprisonment be reduced below time served." *Id.*

As noted above, the government agrees at step one that the defendant is eligible for a sentencing reduction. Turning to step two, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." *Id.* app. note 1(B)(i); *see also* U.S.S.G. § 1B1.10 background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any

---

[1] Application note 3 provides an example of this rule:

> For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 70 to 87 months; (2) the term of imprisonment imposed was 70 months; and (3) the amended guideline range determined under subsection (b)(1) is 51 to 63 months, the court may reduce the defendant's term of imprisonment, but shall not reduce it to a term less than 51 months.

§ 1B1.10 app. note 3.

3

other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right.").

Considering the factors listed in § 3553(a), the United States asserts that the denial of a reduction is appropriate in this case. Many courts have denied sentencing reductions in situations where guideline amendments lowered the sentencing ranges. *See, e.g., United States v. Wilson*, 716 F.3d 50, 53 (2d Cir. 2013) (denial of sentence reduction was not an abuse of discretion, though earlier sentence reduction had been granted despite defendant's prison misconduct, and defendant had not engaged in any new prison misconduct); *United States v. Styer*, 573 F.3d 151, 154-55 (3d Cir. 2009) (denial based on nature of original criminal conduct); *United States v. Stevenson*, 332 F. App'x 261 (6th Cir. 2009) (reduction denied despite eligibility under amendment, based on disciplinary infractions in prison, and lengthy criminal record); *United States v. Dunn,* 728 F.3d 1151, 1159-60 (9th Cir. 2013); *United States v. Arceneaux*, 297 F. App'x 819 (10th Cir. 2008) (unpublished) (reduction denied due to disciplinary record in prison); *United States v. Melton*, 2008 WL 1787045 (W.D.N.C. 2008) (denial based on nature of offense); *United States v. Craig*, 2008 WL 1775263 (W.D.N.C. 2008) (denial based on the facts of the case); *United States v. Suell*, 2008 WL 2845295 (N.D. Tex. 2008) (motion denied because defendant benefitted from a favorable plea agreement in which charges were dismissed and the sentence was reduced); *United States v. Reynolds*, 2008 WL 2367254 (S.D. W. Va. 2008) (motion denied because defendant's criminal conduct was "nothing short of egregious"), *aff'd*, 309 F. App'x 703 (4th Cir. 2009) (unpublished). *Cf. United States v. Sifford*, 2008 WL 2048387 (W.D.N.C. 2008) (in exercise of the court's discretion, it affords only a partial reduction, in light of the defendant's record), *aff'd*, 309 F. App'x 705 (4th Cir. 2009) (unpublished). *See also United States v. Marion*, 293 F. App'x 731 (11th Cir. 2008) (unpublished) (district court's

4

consideration of the defendant's criminal history was proper, when denying a reduction motion, even though this was the same factor it considered at his original sentencing hearing). Considering the defendant's offense conduct, the history and characteristics of the defendant, and the defendant's criminal history category, his sentence of 63 months, is sufficient, but not greater than necessary to comply with the purposes listed in § 3553(a)(2).  Moreover, the defendant's post sentencing conduct reflects he does not promote respect for the law.  In addition, his current incarceration and potential for revocation based on a new offense conduct have not served as an adequate deterrence to criminal conduct.  As reflected in Defendant's Exhibit 1, it is the assessment of Dismiss Charities that Alloway's "reintegration back into society will not be successful until he learns the significance of Rules and Regulations."

**WHEREFORE**, the United States respectfully recommends a reduction of the defendant's sentence be denied.

Respectfully submitted this 3rd day of December, 2015.

        FOR THE UNITED STATES ATTORNEY
        GEORGE L. BECK, JR.

        /s/Curtis Ivy, Jr.
        CURTIS IVY, JR.
        Assistant United States Attorney
        131 Clayton Street
        Montgomery, AL  36104-3429
        Tel: (334) 223-7280
        Fax: (334) 223-7135
        Email: curtis.ivy@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:11-cr-191-MHT- 3 |
| | ) | |
| CHRISTOPHER DARRIN ALLOWAY | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Patricia Kemp, Esq.

                         Respectfully submitted,

                         /s/Curtis Ivy, Jr.
                         CURTIS IVY, JR.
                         Assistant United States Attorney
                         131 Clayton Street
                         Montgomery, AL 36104
                         Phone: (334) 223-7280
                         Fax: (334) 223-7135
                         E-mail: curtis.ivy@usdoj.gov