IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:11-CR-191-MHT |
| | ) | |
| CHRISTOPHER D. ALLOWAY | ) | |

### CHRISTOPHER ALLOWAY'S REPLY TO GOVERNMENT'S RESPONSE TO COURT ORDER 562

COMES NOW the undersigned counsel, Patricia Kemp, on behalf of the Defendant, **CHRISTOPHER D. ALLOWAY**, and files this Reply to the Government's Court's Order.[1] The Government opposes a sentence reduction in Mr. Alloway's case under Amendment 782. In support of its position, the Government cites to several cases that have denied sentencing reductions under Guideline amendments that lowered Guideline ranges. These cases are distinguishable from Mr. Alloway's case and thus, do not control the outcome of his case.

*United States v. Wilson*, 716 F.3d 50 (2nd Cir. 2013) is procedurally distinguishable from Mr. Alloway's case. The appellant in *Wilson* was granted a sentence reduction, in 2008, to 168 months' imprisonment, despite the appellant's four post-sentencing disciplinary infractions while in federal custody. When the appellant filed a motion for a second sentence reduction in 2011, the Second Circuit Court of Appeals denied the motion because it found that the previously imposed reduced sentence continued to be a reasonable sentence in the case. Mr. Alloway has not previously had his sentence reduced under any previous retroactive Guideline Amendments.

In *United States v. Styler*, 573 F.3d 151 (3rd Cir.2009), the denial of the appellant's motion for a sentence reduction was upheld because of his high criminal history category, category IV;

---

[1] Doc. 567.

because his drug offense of conviction occurred near a school; and because, at the time of the original offense, the appellant "shot five times at a police officer, and . . . endeavored to conceal firearms from investigators." 573 F.3d at 155.  None of Mr. Alloway's pre-sentencing conduct involves any acts of violence, and he is in the lowest criminal history category of I.

In *United States v. Stevenson*, 332 F. App'x 261, 262-63 (6th Cir. 2009), the denial of an Amendment 706 sentence reduction was upheld by the Sixth Circuit Court of Appeals because the appellant had a substantial criminal history that included "recklessly creat[ing] a substantial risk of death or serious bodily injury" when [he] fle[d] from law enforcement prior to his arrest" and two disciplinary violations in prison. None of Mr. Alloway's pre-sentencing conduct or post-sentencing involves any acts that created a substantial risk of death or serious bodily injury. He is in the lowest criminal history category, category I, and he did not obtain any disciplinary violations while in federal prison.

In *United States v. Dunn*, 728 F.3d 1151 (9th Cir. 2013), the Ninth Circuit Court of Appeal upheld a district court's denial of an Amendment 750 reduction because of the appellant's extensive juvenile and adult criminal history that included unlawful sexual intercourse with a minor, inflicting corporeal injury on a spouse, escape from jail, and possession of a firearm.  The district court also relied on the appellant's two disciplinary incidents in prison and a probation officer's assessment of the appellant's attitude as "volatile." *Id.* at 1159. The district court also supported its denial of a reduction with a finding that the appellant "ha[d] a persistent, violent, and lengthy criminal history, including disciplinary incidents within the last year of incarceration." *Id*.

In *United States v. Arceneaux*, 297 F. App'x 819, 821 (10th Cir. 2008), the Tenth Circuit Court of Appeals upheld the denial of an Amendment 706 reduction because "Mr. Arceneaux ha[d] a record of disciplinary infractions spanning his imprisonment." Because the appellants' criminal

histories and post-sentencing behaviors in *Dunn* and *Arceneaux* are far more egregious than Mr. Alloway's behavior, *Dunn* and *Arceneaux* are distinguishable and do not control the outcome of Mr. Alloway's case.

In *United States v. Melton*, 2008 WL 1787045 * 2 (W.D.N.C. 2008), the district court denied a sentence reduction because the defendant was involved in a ten year drug conspiracy that distributed over 100 to 200 kilograms of crack, and the defendant had the reputation of being the armed enforcer in the conspiracy. Mr. Alloway was involved in a drug conspiracy where he sold drugs for another person. Mr. Alloway was not an armed enforcer in the conspiracy. And while the *Melton* case involved hundreds of kilograms of drugs, Mr. Alloway was held responsible for between 280 and 840 grams of crack cocaine.[2]

In *United States v. Craig*, 2008 WL 1775263 (W.D.N.C. Oct. 23, 2008), the district court denied a sentence reduction upon a finding that although "the amended guidelines provide[d] for a two-level reduction in offense level, . . . the resulting guideline range remain[ed] trumped by the 120-month mandatory minimum sentence prior to considerations of departure. Therefore, the defendant [was] not entitled to relief." There is no mandatory minimum sentence in Mr. Alloway's case that bars him from receiving a sentencing reduction.

In *United States v. Suell*, 2008 WL 2845295 *3 (N.D. Tex. Jul. 17, 2008), the district court denied a sentence reduction after finding that the defendant had "benefited significantly from his plea agreement" and a substantial assistance downward departure that resulted in the defendant receiving a 9 year sentence when he faced a 20 year sentence. Mr. Alloway received a substantial assistance departure, and he pleaded guilty under the terms of a plea agreement. The terms of his

---

[2] Doc. 400, ¶17.

plea included an agreement from the Government that the appropriate sentence in Mr. Alloway's case is not less than 51 months and not more than 70 months.[3]

At the time of Mr. Alloway's 2012 sentencing, he was held responsible for between 280 and 840 grams of crack cocaine.  Under the 2015 Sentencing Guideline Manual, this drug quantity corresponds to a base offense level of 30.  After the original offense level adjustments are made (minus two under §5C1.2 (a)(1) - (5) and minus two under §3E1.1), Mr. Alloway's offense level becomes 26. After the offense level is adjusted downward by two levels to reflect the substantial assistance departure made at the time of the original sentencing, Mr. Alloway's amended total offense level is 24.  At criminal history category I, his amended Sentencing Guideline range is 51 to 63 months of imprisonment. The Government has already agreed, in the terms of Mr. Alloway's plea agreement, that a 51 month sentence is an appropriate sentence.[4]

In *United States v. Reynolds*, 2008 WL 2367254 *3 (S.D. W. Va. Jun. 9, 2008), the district court denied a sentence reduction where the defendant's original offense conduct was characterized as "nothing short of egregious" because the defendant had operated a major drug distribution enterprise that sold drugs to juveniles; supplied other major drug dealers; falsified records to obtain guns, used a gun to shoot and paralyze another person; and engaged in multiple shooting incidents. Mr. Alloway's Presentence Report does not include any allegations that his offense of conviction involved distribution of drugs to juveniles, that he possessed a gun during the offense, or engaged in any violent gun crimes during the offense.  Mr. Alloway was not indicted on any firearm offenses, and he did not receive any offense enhancements for a firearm.  Because the offense conduct in *Reynolds* is far more egregious than Mr. Alloway's offense conduct, *Reynolds* does not control the outcome of Mr. Alloway's case.

---

[3] See Doc. 400, ¶3.
[4] *Id.*

In *United States v. Sifford*, 2008 WL 2048387 *2 (W.D.N.C. May 13, 2008), the district court granted a partial sentence reduction, under Amendment 706, in light of the fact that, during the defendant's drug conspiracy offense of conviction, he "'was often in possession of an SK assault rifle and a 9mm handgun.'" The district court found that a partial sentence reduction "g[a]ve[] [the] Defendant the benefit of the amendment while recognizing the violent nature of his criminal conduct and the Court's duty to protect the public safety." *Id.* *Sifford,* like *Reynolds,* is distinguishable from Mr. Alloway's case since Mr. Alloway did not possess a gun during his offense of conviction.

Lastly, the Government cites *United States v. Marion*, 293 F. App'x 731 (11th Cir. 2008). In *Marion,* the Eleventh Circuit Court of Appeals upheld the denial of a sentence reduction that was made based on the appellant's extensive criminal history, which included convictions for violent offenses. The Eleventh Circuit held that "the district court's consideration of Marion's criminal history was proper even though this was the same factor it considered at his original sentencing hearing." *Id.* at 734. Unlike in *Marion*, Mr. Alloway's criminal history does not include any convictions for any violent offenses.

**CONCLUSION**

Mr. Alloway's pre-sentencing conduct does not involve any acts of violence. While in FBOP custody, he was not involved in any disciplinary incidents. While at Dismas Charities, Mr. Alloway experienced the death of a close friend, which led him to make very poor decisions in the process of coping with his grief. Shortly thereafter, he was caught with one package of synthetic marijuana. There is no evidence that the package of synthetic marijuana was open or that the contents had been used when it was found on his person. And, the day before Mr. Alloway was caught with the package, he tested negative for drug use.

Mr. Alloway's records and Presentence Report establish that he has not engaged in any violent or dangerous post-sentencing conduct.  He is not a danger to the public. Mr. Alloway requests that this Court grant him a sentence reduction, under Amendment 782, to 51 months' imprisonment.

Dated this 4th day of December, 2015.

Respectfully submitted,

*/s/Patricia Kemp*
**Patricia Kemp, Esq.**
AL Bar Code: ASB-4592-R80K
FEDERAL DEFENDERS
MIDDLE DISTRICT OF ALABAMA
817 South Court Street
Montgomery, Alabama 36104
TEL:   (334) 834-2099
FAX:   (334) 834-0353

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: 2:11-CR-191-MHT** |
| | ) | |
| **CHRISTOPHER D. ALLOWAY** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2015, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel

of record.

Respectfully submitted,

*/s/Patricia Kemp*
**Patricia Kemp, Esq.**
AL Bar Code: ASB-4592-R80K
Federal Defenders
Middle District of Alabama
817 South Court Street
Montgomery, Alabama 36104
TEL:   (334) 834-2099
FAX:   (334) 834-0353