IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 1:11cr191-MHT |
| | ) | (WO) |
| CHRISTOPHER DARRIN ALLOWAY | ) | |

OPINION AND ORDER

I.   INTRODUCTION

Amendment 782 to the Sentencing Guidelines revised

the guidelines applicable to drug-trafficking offenses.

When it was promulgated in 2014, the United States

Sentencing Commission decided to give the amendment

retroactive effect; this court established a

Retroactivity Screening Panel to determine whether a

defendant might be eligible for a reduction of sentence

and, if so, to make a recommendation as to whether the

court should exercise its discretion to grant that

reduction.  See United States v. Hargrove, 572 F. App'x

735, 736 (11th Cir. 2014) ("[T]he district court must

decide whether, in its discretion and in light of the

[18 U.S.C.] § 3553(a) sentencing factors, to retain the

original sentence or to resentence the defendant under the amended guideline range." (citing United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000)); see also United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998) ("The grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary.").

The members of the Panel agree that defendant Christopher Darrin Alloway is eligible for a reduction under 18 U.S.C. § 3582(c)(2), but have been unable to make a unanimous recommendation because they have identified a 'post-sentencing conduct' issue relevant to whether a reduction is warranted, see U.S.S.G. § 1B1.10 cmt. n. 1(B)(iii):[1] Alloway was recently

---

1. U.S.S.G. § 1B1.10 cmt. n. 1(B) instructs this court to consider three different sets of factors: (i) the factors set forth in 18 U.S.C. § 3553(a); (ii) "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment"; and (iii) the defendant's "post-sentencing conduct." However, the court has not found--and the parties have not identified--any factor other than Alloway's post-sentencing conduct that might warrant the denial or limitation of a reduction. Notably, his criminal (continued...)

terminated from a residential reentry center for possession of synthetic marijuana. The government takes the position that Alloway should be denied a reduction altogether, while Alloway argues that this infraction was a grief-fueled mistake which, when viewed in the context of his otherwise excellent post-sentencing record and his mild, non-violent criminal history, should not prevent him from receiving the twelve-month reduction for which he is eligible.

Having considered the evidence and arguments presented by the parties at a hearing in open court on December 7, 2015, the court concludes that Alloway should receive the full reduction. This opinion explains why.

## II. ELIGIBILITY

history is extremely minimal--his only prior convictions were in state court, for possession of powder cocaine in 2011 and for violation of a noise ordinance in 2008. Alloway has never been convicted, in either a judicial or disciplinary proceeding, of any violent act.

The parties agree that Amendment 782 reduced Alloway's pre-departure offense level from 28 to 26. Because Alloway received a two-level substantial-assistance departure pursuant to U.S.S.G. § 5K1.1, he is eligible for an amended sentence "comparably less" than the amended guideline range pursuant to U.S.S.G. § 1B1.10(b)(2)(B)--in effect, an offense level of 24. His criminal history category is I, and he originally received a sentence at the bottom of the applicable guideline range; hence, the parties agree that he is eligible for a reduction from a sentence of 63 months to one of 51 months.

## III.  POST-SENTENCING CONDUCT

As Alloway notes, "[a] defendant's post-sentencing [mis]conduct does not warrant an automatic denial of a sentence reduction." United States v. Jenkins, 2009 WL 1444438, at *4 n.5 (E.D. Pa. May 22, 2009) (Robreno, J.) (citing United States v. Ayala, 540 F. Supp. 2d 676, 689 (W.D. Va. 2008) (Jones, J.) (granting a

reduction over the government's objection based on the defendant's two disciplinary infractions for fighting in prison)). Rather, the court must "consider [the] defendant's misconduct as a factor in considering whether a reduction in sentence is appropriate." United States v. Miller, 2008 WL 782566, at *3 (E.D. Tenn. Mar. 21, 2008) (Varlan, J.).

At issue here is one relatively minor infraction. Alloway was released from Federal Correctional Complex Yazoo City and arrived at Dismas Charities (which is a residential reentry center) on January 7, 2015. On April 29, he was found in possession of one unopened packet of synthetic marijuana, terminated from the program, and reincarcerated at the Elmore County Jail. He was further penalized by the Bureau of Prisons with the loss of a year of good-time credit.

Otherwise, Alloway was doing very well: He had maintained full-time employment with a food-processing company, he had participated in a home-pass program without incident, and he had tested negative for drugs

15 times, including the day before he was caught in possession of synthetic marijuana. (The one reprimand he did receive was on March 19, 2015, when he was found in possession of a cell phone and punished with 20 hours of extra duties.) This good behavior continued a trend that began as soon as Alloway was incarcerated; he committed not one single disciplinary infraction in prison.

Moreover, it appears that Alloway's infraction does not represent a return to either recreational drug use or drug trafficking. Rather, he obtained the marijuana in a misguided effort to cope with the devastation he experienced following the death of his closest friend and former girlfriend, Tarsha Davenport. Alloway met Davenport at the age of 19, shortly after both his half-brother and mother died. After a period of romantic involvement, they maintained a very close platonic friendship; he reports that she was the only person who supported him when he was convicted, visiting him in jail and sending him regular letters

6

and money in prison.  Alloway eagerly planned to see
Davenport when he was transferred to Dismas Charities;
she came to visit him when she was in town for a
doctor's appointment, but was informed that visitors
were not permitted on weekdays.  Two weeks later,
Davenport died unexpectedly, at the age of 30.  Alloway
sought and obtained permission to attend her funeral,
but the funeral was delayed by a day, and he received
notice too late for his renewed request to attend to be
approved.

Throughout Alloway's incarceration and now, before
this court, he has professed an apparently sincere
recognition that he has a drug problem and desire to
pursue treatment.  This treatment will be afforded to
him, and required of him, as a condition of his
supervised release.[2]  Further treatment, not further

---

2.  Were Alloway already serving his term of
supervised release, this infraction would presumably
have been discovered (if he used the marijuana at all)
by way of a failed drug screening test.  In that
instance, the court would most likely have opted to
require further participation in a drug treatment
program in lieu of revocation.  See United States v.
(continued...)

incarceration, is the appropriate response to his infraction.

The government, for its part, states that "compelling reasons exist" for denying Alloway a reduction. However, it has presented no additional evidence beyond that already acknowledged by the defense and discussed above. Gov't Resp. to Ct. Order (doc. no. 567), at 1. Rather, it merely contends that Alloway's post-sentencing conduct "reflects he does not promote respect for the law," and reiterates the assessment by Dismas Charities that Alloway's "reintegration back into society will not be successful until he learns the significance of Rules and Regulations." Id. at 5 (citing Sentencing Position of Def. (doc. no. 566), ex. 1 (memorandum regarding

Wilson, 998 F. Supp. 1377 (M.D. Ala. 1998) (Thompson, J.) (citing U.S.S.G. § 7B1.4, cmt. n. 6 ("In the case of a defendant who fails a drug test, the court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception from the requirement of mandatory revocation and imprisonment under 18 U.S.C. §§ 3565(b) and 3583(g). 18 U.S.C. §§ 3563(a), 3583(d)."")).

Alloway from Dismas Charities to Bureau of Prisons), at 2).

The court disagrees. Alloway's behavior reflects not disrespect for the law, but rather the difficulty of his ongoing struggle not to seek solace in drugs. Understanding this infraction as a not-yet-fully-treated symptom rather than as an act of incorrigible lawlessness is not intended to excuse it. But such a perspective does lead the court to conclude that neither Alloway nor the society to which he will return will be served by a lengthier term of incarceration.

The government also cites a number of cases in which courts have denied sentence reductions or upheld such denials based in part on post-sentencing conduct, but makes no mention of the facts of those cases and their dissimilarity to the facts of this one. When considered more closely, these cases are inapposite; all of them involve serious or recurrent post-sentencing misconduct, violent offense conduct,

extensive criminal history, or else a highly favorable

plea deal which had already prevented the defendant

from receiving a much harsher sentence.[3]  None of these

_____

    3. See United States v. Dunn, 728 F.3d 1151, 1159 (9th Cir. 2013) (upholding a denial based on the defendant's "persistent, violent, and lengthy criminal history," which included multiple escapes from correctional facilities, a sex offense involving a minor, and the assault of his spouse, as well as based on the "Probation Officer's assessment of [his] volatile temperament and two disciplinary incidents in prison"); United States v. Wilson, 716 F.3d 50, 53 (2d Cir. 2013) (upholding a denial of a second sentence reduction based on "evidence that [the defendant] was disciplined in prison four times" over the course of one year, without specifying what the infractions entailed); United States v. Styer, 573 F.3d 151, 154-55 (3d Cir. 2009) (upholding a denial based on concerns regarding "the nature of [the defendant's] crime, his criminal history [category IV], his use of firearms, the need for deterrence, and public safety," including specifically "that he had shot five times at a police officer, and the he had endeavored to conceal firearms from investigators"); United States v. Stevenson, 332 F. App'x 261, 262-63 (6th Cir. 2009) (upholding a denial based on the defendant's "substantial criminal history, which included one prior felony and numerous misdemeanor marijuana convictions," the fact that he had "'recklessly created a substantial risk of death or serious bodily injury' when fleeing from law enforcement prior to his arrest," and the fact that he had "two disciplinary violations in prions, which were sufficiently serious to lead to a loss of several privileges"); United States v. Arceneaux, 297 F. App'x 819, 820-21 (10th Cir. 2008) (upholding a denial based on the defendant's "record of disciplinary infractions (continued...)

spanning his imprisonment" despite the fact that
"[t]his institutional record was relatively
unexceptional, did not result in additional criminal
charges, and none of the incidents reported were
related to controlled substances, alcohol, or dangerous
weapons," and the fact that the government "never
opposed his motion based on any public safety
factors"); United States v. Melton, 2008 WL 1787045, at
*2 (W.D.N.C. Apr. 17, 2008) (Whitney, J.) (denying a
reduction because the defendant had, over a span of ten
years, distributed a "staggering" quantity of crack
cocaine and acted as "the conspiracy's enforcer,"
"often armed with handguns"); United States v. Craig,
2008 WL 1775263, at *2 (W.D.N.C. Apr. 15, 2008)
(Whitney, J.) (denying a reduction in light of the
"extensive and violent nature of the drug conspiracy to
which Defendant was a member for approximately two
years," and the fact that he had been sentenced,
"pursuant to a very favorable Plea Agreement," based on
only a small fraction of the quantity of drugs he had
in fact distributed); United States v. Suell, 2008 WL
2845295, at *3 (N.D. Tex. July 17, 2008) (Fitzwater,
J.) (denying a reduction because the defendant had
"benefited significantly" from "a plea agreement that
significantly mitigated the more onerous consequences
of the higher sentencing range that then applied to
crack cocaine sentences" and reduced his sentence from
a mandatory 20 years (up to life) to 9 years); United
States v. Reynolds, 2008 WL 2367254, at *3-4 (S.D. W.
Va. June 9, 2008) (Johnston, J.) (denying a reduction
because the defendant's "offense conduct was nothing
short of egregious--as evidenced by his sentence at the
maximum of the applicable Guideline"; his crime
involved operating "a major drug distribution
enterprise," distribution to juveniles, falsification
of records to obtain weapons, and a number of
shootings, including one in which he left the victim
paralyzed; and his post-offense conduct included a
"laundry list of disciplinary incidents, including
(continued...)

factors is present here.  In sum, the case law the government has identified does not suggest (much less require) that Alloway be denied a sentence reduction.


## IV.  CONCLUSION

Alloway's recent infraction appears to be a very unfortunate deviation from an otherwise successful trajectory towards rehabilitation.  In this court's view, what he needs now is not another year in prison but rather another opportunity to rebuild his life. Alloway appears to recognize that in order to succeed in this endeavor, he must grapple seriously with his substance-abuse problem; when he inevitably hits bumps in the road, he must turn to specialists in drug treatment and his assigned Probation Officer for support, instead of self-medicating.  Alloway and the
_____
threats of violence and insubordination"), aff'd, 309 F. App'x 703 (4th Cir. 2009); see also United States v. Sifford, 2008 WL 2048387, at *2 (W.D.N.C. May 13, 2008) (Whitney, J.) (denying in part the requested reduction because the defendant often "possess[ed] ... dangerous firearms during the course of a sophisticated and long-running drug trafficking conspiracy"), aff'd, 309 F. App'x 705 (4th Cir. 2009).

public will both be better served by his intensive
supervision than by continued incarceration, and the
court has been informed that a plan for rapid
assessment and induction into a treatment
program--which will include, as appropriate, frequent
random drug tests, outpatient or inpatient treatment,
and participation in support groups--is already in
place.

* * *

After conducting an independent and de novo review
of the record, and based upon the assent of defendant
Christopher Darrin Alloway, it is ORDERED, pursuant to
18 U.S.C. § 3582(c)(2), that the sentence of
imprisonment of 63 months previously imposed on him by
this court (as reflected in the last judgment issued)
is reduced to 51 months.

DONE, this the 8th day of December, 2015.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE